IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY SAMORA,

        Petitioner,

 vs.                                                                      No. CIV 08-754 MV/LFG
                                                                     consolidated with

JAMES JANECKA, Warden, and              No. CIV 07-1171 BB/DJS
GARY K. KING, Attorney General
for the State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed August 15, 2008.[2] Petitioner Michael Anthony Samora ("Samora") challenges the Judgment, Sentence and Commitment entered on May 6, 2008 by the Second Judicial District Court in <u>State v. Samora</u>, No. CR 2004-4320 (County of Bernalillo, New Mexico).

    2. Following a jury trial in which Samora represented himself with the assistance of stand-by counsel, he was found guilty of First Degree Murder (Willful and Deliberate), Robbery, Battery

---

[1] **Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.**

[2] Samora also filed a separate petition for federal habeas corpus relief, CIV 07-1171 BB/DJS, on November 8, 2007. That case was consolidated with the present action, by order filed this date.

Against a Household Member, and two counts of Tampering with Evidence. He was sentenced to a term of life imprisonment plus six years. [Doc. 11, Ex. A]. Samora did not file an appeal of his conviction, and he has not filed any proper petition for habeas relief in the state courts.[3]

3. "A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b).

> The doctrine of exhaustion . . . requires a state prisoner to fairly present his federal constitutional claims to the state courts before he may raise those claims in a federal habeas corpus petition . . . . The exhaustion requirement reflects a policy of comity, whereby a federal court will not interfere with a state court conviction without giving the state courts an opportunity to correct any alleged constitutional violations . . . . Steadfast adherence to this policy protects state courts' role in the enforcement of federal law.

Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Harris, at 1554. The petitioner bears the burden of showing he has exhausted available state remedies. Hernandez, at 1092.

---

[3]Samora did file numerous motions and requests for relief during the course of the criminal proceedings; however, none of these filings constitutes a proper state habeas petition.

4. In this case, Samora has not given the state courts a chance to determine whether any constitutional violations occurred in his criminal proceedings, as he filed neither a direct appeal nor a proper habeas petition in state court. He appears to assert that his failure to appeal was due to ineffective assistance of counsel. S*ee, e.g.,*

> Doc. 1, at 1-2: "As a result of ineffectiveness of counsel appellant may seek out-of-time appeal through application for post-conviction relief in state court, because of failure of ineffective assistance of counsel!";
>
> Id., at 2: "By filing a pro-se 'notice of appeal' because counsel refuses; appellant, in the present has indicated his desire to pursue his United States Constitution right's [sic] to appeal";
>
> Id., at 4: "Client cannot be left floundering with no direction and no communication with or without so called appointed counsel which has not entered an appearance in this court(s) or in appeal(s)";
>
> Id., at 5: "Attorney must keep client advised of all develope [sic] and follow client's wishes as of appeal";
>
> Id.: "Failure to docketing appeal resulting in dismissal for failure to prosecute, and misrepresenting status of appeal for the client, may also warrant indefinite suspension from practice of law."

5. There are other examples. These allegations are included amidst a mass of verbiage that makes it difficult to ascertain Samora's exact complaints. What is clear, however, is that he has not given the state court an opportunity to determine whether his complaints have merit.

6. Respondent asserts that Samora's direct appeal remedy is still available. The Court does not comment on this assertion but notes that if, as appears, Samora claims that his failure to appeal was a result of ineffective assistance of counsel, he should first raise that claim in a state habeas petition. Habeas is still available to Samora as a remedy for the constitutional violations he asserts; NMRA 5-802; State v. Sutphin, 142 N.M. 191, 195, 164 P.3d 72, 76 (2007) ("New Mexico does not impose a statute of limitations on habeas petitioners").

7. Samora is advised that federal habeas corpus petitions are subject to a one-year statute of limitations 28 U.S.C. § 2244(d)(1); however, the time during which a properly-filed application for State post-conviction or other collateral review is pending shall not be counted toward this period of limitation.  28 U.S.C. § 2244(d)(2).  Thus, the limitations period on Samora's federal claim will stop running while any properly-filed habeas petition is under consideration by the state courts.

8. The Court finds that comity requires that Samora's federal habeas petition be dismissed without prejudice, to give him the opportunity to present his claims in state court and to give the state courts the opportunity to determine the merits of his claims in the first instance.

### Recommended Disposition

That these consolidated cases be dismissed without prejudice for failure to exhaust state remedies.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge