IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY SAMORA,

            Petitioner,

  vs.                                              No. CIV 08-754 MV/LFG
                                                    consolidated with
JAMES JANECKA, Warden, and           No. CIV 07-1171 BB/DJS
GARY K. KING, Attorney General
for the State of New Mexico,

            Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING ACTION WITHOUT PREJUDICE

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition, filed December 18, 2008 [Doc. 13], recommending dismissal, without prejudice, of the two consolidated § 2254 petitions filed by Michael Anthony Samora ("Samora"). On December 29, 2008, Samora filed objections to the proposed findings and recommended disposition [Doc. 14]. The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Samora objects.

Essentially, Samora's objections re-argue some of the same positions he asserted in the pleadings. For example, Samora again argues, *inter alia*, that his trial attorneys provided ineffective assistance of counsel by failing to file an appeal, agreeing that Samora would see a psychiatrist, and proceeding to trial without being prepared. In the findings and recommended disposition, the Magistrate Judge carefully considered and rejected all of those arguments because of Samora's

failure to exhaust his state remedies by filing an appeal of his criminal conviction or a state habeas petition.

In his objections, Samora states that his trial attorney did not advise him of his right to appeal and that he "was under the impression it was automatic." [Doc. 14, p. 2.] In addition, Samora contends that he did file a habeas petition in state court but that it was "ignored." [Doc. 14, p. 3.] In his conclusion, Samora asserts "[t]hat this Court will see that I filed a habeas corpus at state level, that they refuse [sic] to file it and it was my attorneys [sic] responsibility to file a docket for appeal . . . ." [Doc. 14, p. 6.]

The Court again reviewed the state court docket containing references to all pleadings filed, which include some post-trial motions, *e.g.,* Motion for New Trial and Renewed Motion for Mistrial and for Sanctions for Failure to Make Discovery. [No. Civ 08-754, Doc. 11, Ex. B, 4/9/08 entry.] In the earlier filed § 2254 petition, No. CIV 07-1171 BB/DJS (consolidated with the present § 2254 petition), Samora appears to have filed a pleading entitled "Petition for Writ of Mandamus to Wit: Right to Hearing Habeas Corpus–Evidentiary Issues," on November 3, 2006. [No. CIV 07-1171, Doc. 9, Ex. D.] On October 2, 2007, Samora filed another pleading entitled: "Habeas Corpus, and Motion to Dismiss both denied; Petition for Writ of Mandamus." [No. CIV 07-1171, Doc. 9, Ex. K.] State courts denied both motions. [No. CIV 07-1171, Doc. 9, Exhibits G, L.] However, the motions are not considered proper post-conviction state habeas applications as they both preceded Samora's conviction. Samora's state court trial took place in March 2008. The Judgment, Sentence and Commitment were entered on May 6, 2008. [Doc. 11, Ex. A and B.] Thus, Samora still has not satisfied his burden of showing that he exhausted available state remedies. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

In his objections, Samora also attempts to clarify a statement made in the Magistrate Judge's findings and recommended disposition that Samora represented himself at his jury trial with the assistance of stand-by counsel. [Doc. 13, p. 1.] Samora argues that he did not represent himself and that it was decided before trial that his attorney had "full power and control of the proceedings in trial." [Doc. 14, p. 1-2.] Even if true, it matters not with respect to the critical issue of whether Samora exhausted his state remedies before filing the federal habeas petitions.

For all of the above-stated reasons, the Court overrules Samora's objections.

The Court agrees with the Magistrate Judge's proposed findings and recommendation that Samora's § 2254 petitions be denied for failure to exhaust state remedies and that both cases be dismissed, without prejudice.

IT IS HEREBY ORDERED that the findings and recommended disposition of the United States Magistrate Judge are adopted by the Court.

IT IS FURTHER ORDERED that Petitioner Samora's § 2254 petitions are denied and that these action are dismissed without prejudice.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT COURT